FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT L., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:23-CV-3051-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 15. Attorney D. James Tree represents Robert L. (Plaintiff); Special Assistant United States Jacob Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 5.

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

## I.    JURISDICTION

Plaintiff filed applications for benefits on August 18, 2020, and September 9, 2020, alleging disability since May 5, 2020. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on January 11, 2022, and issued an unfavorable decision on May 11, 2022. Tr. 21-35. The Appeals Council denied review on January 27, 2023. Tr. 1_6. Plaintiff appealed this final decision of the Commissioner on April 18, 2023. ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.  ADMINISTRATIVE FINDINGS

On May 11, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21-35.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 5, 2020, the alleged onset date. Tr. 24.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: tachycardia, orthostatic hypotension, cirrhosis, thrombosis, and portal hypertension. Tr. 24.

At ***step three***, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations: "He can only occasionally climb ladders, ropes, and scaffolds, kneel, crouch, and crawl. He must avoid concentrated exposures to workplace hazards, such as moving machinery and unprotected heights, and can only occasionally balance due to dizziness." Tr. 27-28.

At ***step four***, the ALJ found Plaintiff could perform past relevant work as a retail salesclerk and a fast-food shift manager. Tr. 33.

Alternatively, at ***step five***, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform, to include housekeeper janitor, bench assembler, and hand packager. Tr. 34.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date of the decision. Tr. 35.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ erred by discounting Plaintiff's symptom allegations; (B) whether the ALJ erred at step two; and (C) whether the ALJ erred at step three. ECF No. 10 at 2.

## VI.    DISCUSSION

A.    **Plaintiff's Symptom Allegations.**

Plaintiff contends the ALJ erroneously discounted his symptom allegations. ECF No. 10 at 9-17. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause

the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's allegations.

      The ALJ noted Plaintiff alleged, among other things, "he suffers from chronic pain, chronic fatigue, the need to use a cane or walker, and difficulty to walk, stand, use the stairs, bend, pick things up from ground, balance, and sustain gain activity [*sic*]." Tr. 28. The ALJ further noted that Plaintiff's representative asserted at the hearing that Plaintiff "would require several unscheduled breaks and not be able to sustain a consistent work schedule." Tr. 28.

      The ALJ largely discounted Plaintiff's allegations as inconsistent with the medical evidence. Tr. 29-31. However, the ALJ's findings on this score do not reasonably undermine Plaintiff's specific allegations. For example, the ALJ noted Plaintiff "regularly demonstrate[d]" on examination "normal, steady gait," "normal/near normal strength and/or without weakness," "intact sensation of the extremities and/or without numbness," "no areas of focal weakness," "decreased muscle bulk but normal muscle tone," "normal reflexes," and "no signs of significant cyanosis, deformities, swelling or edema of the extremities, axilla, neck, and groin." Tr. 30. The ALJ also noted, among other things, Plaintiff typically presented as "alert, oriented, pleasant, well-appearing, and in no acute distress" to his medical providers. Tr. 30.

      These findings do not reasonably undermine Plaintiff's specific allegations of chronic pain and fatigue, movement difficulties, and break requirements. While an ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

ORDER GRANTING PLAINTIFF'S MOTION . . . 5

1161 (9th Cir. 2008), the ALJ must explain how the medical evidence contradicts the claimant's testimony, *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The ALJ did not do so here. The ALJ thus erred by discounting Plaintiff's allegations on this ground.

Second, the ALJ discounted Plaintiff's allegation on the ground Plaintiff improved with treatment. Tr. 30-31. As above, the ALJ failed to meaningfully connect the evidence cited to Plaintiff's specific allegations. Instead, the ALJ listed seriatim medical evidence describing a variety of Plaintiff's conditions – none sufficiently undermining or addressing Plaintiff's allegations. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014) ("'There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce.'") (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). The ALJ thus erred by discounting Plaintiff's allegations on this ground.

Third, the ALJ discounted Plaintiff's allegations on the ground Plaintiff "has not been in full compliance with his treatment plan." Tr. 31. The ALJ's finding lacks substantial evidentiary support. Notably, the Commissioner implicitly declined to defend the ALJ's finding in this regard. The ALJ thus erred by discounting Plaintiff's allegations on this ground.

Finally, the ALJ discounted Plaintiff's allegations on the ground Plaintiff did not appear at his hearing: "The claimant also failed to appear that the scheduled hearing. By choosing not to show up to the hearing, he missed the opportunity to testify about how his impairments cause significant limitations in his abilities to perform activities of daily living, and to sustain any full-time work." Tr. 31. This was error. Plaintiff's attendance at the hearing was not mandatory. *See, e.g.*, HALLEX I-2-4-25(D)(2)(b). In defense of the ALJ's finding, the Commissioner argues that "[a] lack of clarity about a claimant's capabilities and why a claimant

ORDER GRANTING PLAINTIFF'S MOTION . . . 6

had not sought work is a clear and convincing reason that supports an ALJ's decision to not fully credit a claimant's allegations of debilitating impairments," citing to *Tommasetti v. Astrue*, 533 F.3d 1035, 1040. ECF No. 15 at 18.

The Commissioner's reliance on *Tommasetti* is misplaced. There, the Ninth Circuit held that the ALJ, "rely[ing] on ordinary techniques of credibility evaluation," reasonably concluded that Tommasetti "was a vague witness with respect to the alleged period of disability and pain symptoms," based on Tommasetti's uncertainty and lack of insight. 533 F.3d at 1040 (internal citation and quotations omitted). *Tommasetti* thus stands for the wholly unrelated proposition that a *claimant's* "lack of clarity" may serve as a basis for undermining her testimony. It does not, as the Commissioner contends, allow the ALJ discount Plaintiff's allegations on the ground he "missed the opportunity" to testify. ECF No. 15 at 18.[1] The ALJ thus erred by discounting Plaintiff's allegations on this ground.

The ALJ accordingly erred by discounting Plaintiff's allegations.

## VII.  CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's allegations. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. Plaintiff's allegations must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v.*

---

[1] In any event, "one weak reason," even if supported by substantial evidence, "is insufficient to meet the specific, clear and convincing standard" for rejecting a claimant's allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (internal quotations and citation omitted).

*Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated Plaintiff's allegations, the ALJ will necessarily need to make new step two and step three findings, which were based on, among other things, the ALJ's evaluation of Plaintiff's allegations. For this reason, the Court need not reach Plaintiff's remaining assignments of error concerning the other steps of the sequential evaluation process. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record; reassess Plaintiff's testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 15**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.DATED September 23, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE